Stephen C. WALKER, Appellant

v.

Eric H. HOLDER, Jr., Attorney General of the United States, et al., Appellees.

No. 10–5210.

United States Court of Appeals, District of Columbia Circuit.

July 5, 2011.

Stephen C. Walker, Pampa, TX, pro se.

Warden Pampa, Pampa, TX, for Appellant.

Bradley Bruce Banias, Kathryn L. Moore, Esquire, U.S. Department of Justice, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: TATEL, GARLAND, and BROWN, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of appellant's motion for appointment of counsel, the record from the United States District Court for the District of Columbia, and the briefs filed by the parties, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's May 27, 2010 decision be affirmed. The district court correctly held that appellant was not entitled to the requested mandamus relief. "[A] district court may grant mandamus relief if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C.Cir.2005) (internal quotations omitted). Because appellant never submitted a written application for a passport, no appellee had a clear duty to provide him with a passport. *See* 22 U.S.C. § 213. Moreover, appellant has conceded that 42 U.S.C. § 652(k) bars him from receiving a passport. To the extent he seeks to raise a constitutional challenge to 42 U.S.C. § 652(k), he has not shown that he has no adequate remedy other than mandamus. As for appellant's request for declaratory relief, the current dispute lacks the "immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007).

Because the government has not unlawfully withheld or unreasonably delayed any action, appellant cannot rely on the Administrative Procedures Act, 5 U.S.C. § 706(1), to compel any appellee to issue a passport. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). Moreover, he has not shown that the challenged State Department regulations are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

2　

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule
41.